JiDECUIR, Judge.
Joseph Baque, III, appeals the judgment of the trial court in favor of Candice Baque, ordering appellant to pay post-divorce alimony in the sum of $700.00 per month. Mr. Baque sets forth the following assignments of error: (1) the trial court erred in failing to consider Candice Baque’s earning capacity; (2) the trial court erred in failing to consider appellant’s debts; and (3) the award of permanent alimony is excessive. We affirm.
Appellant’s first two assignments of error involve questions of fact which will not be disturbed unless the trial court’s findings are manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). Our review of the record reveals no such error.
Appellant makes much of the fact that Mrs. Baque has an accounting degree and argues that Mrs. Baque is underemployed. The record reflects that the parties were married for 24 years. Two children were born of the marriage. One child is a major. Mrs. Baque has custody of the youngest child, who was 12 years old at the _|jtime of trial. Mrs. Baque testified that Mr. Baque’s employment with the military and later with an oil company required that the family move approximately eight times during the marriage. Mrs. Baque was required to quit her job each time Mr. Baque was transferred. Her work history included bank teller, bookkeeper and jobs of that nature. According to Mrs. Baque, in 1992 a joint decision was made by her and Mr. Baque that she would stay home with the children. Shortly after the couple separated in 1993, Mrs. Baque commenced a diligent search for employment. The record reflects that Mrs. Baque made numerous applications, inquiries at the unemployment office, and answered many employment advertise- *784 merits for all types of jobs, including that of accountant. At the time of the hearing, Mrs. Baque was 46 years old and was employed part-time as a bank teller at the rate of $6.40 per hour. Mrs. Baque testified at the time of trial that she continues to seek better and full-time employment. We cannot say that the trial judge failed to consider Mrs. Ba-que’s earning capacity. Although Mrs. Ba-que may have a college education, there is evidence that Mrs. Baque was unable to further her career due to Mr. Baque’s career changes. She testified that every time the family moved, she was required to “start at the bottom again.” Furthermore, Mrs. Ba-que has made a diligent search for employment. La.Civ.Code art. 112(A)(3) provides that the court shall consider a spouse’s earning capability “in light of all other circumstances.” Based upon the law and evidence, we find this assignment of error to be without merit.
Mr. Baque next contends the trial judge erred in failing to consider his debts in awarding permanent alimony. The record reflects that the trial court reviewed Mr. Baque’s affidavit which included a list of debts. The trial transcript reflects that the trial judge reviewed affidavits submitted by both parties, and stated in oral reasons | 3that he took into consideration that appellant’s house may be “more than he needs.” We find appellant’s second assignment of error likewise to be without merit.
Finally, Mr. Baque contends that the trial court’s award is excessive in light of the trial court’s reasons for judgment and Ms. Baque’s expenses for maintenance. Based on our review of the record, we find no abuse of discretion in the trial court’s award.
Costs of appeal are assessed to appellant.
AFFIRMED.